**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1222
_____

In re: BG PETROLEUM, LLC, et al.,
Debtors

THE ESTATE OF BG PETROLEUM, LLC, by and through the Chapter 7 Trustee,
Lisa M. Swope; TIMCO, LTD,
Appellants

v.

GERALD DEVER; COMMUNITY STATE BANK OF ORBISONIA; PHILIPPIANS
PLACE, LLC; MCANENY BROTHERS, INC; BWEX16509, LLC; BWWORFORD,
LLC; BWSUN16490, LLC; EAST PROVIDENCE TOWNSHIP
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-22-cv-00039)
District Judge: Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 16, 2024

Before: SHWARTZ, MATEY, and PHIPPS, *Circuit Judges.*

(Filed: May 14, 2024)

_____

OPINION*
_____

**MATEY**, *Circuit Judge*.

Appellants—the Estate of BG Petroleum, LLC (by and through Chapter 7 Trustee, Lisa Swope) and Timco, Ltd.[1]—appeal from the District Court's order affirming the Bankruptcy Court's dismissal of Appellants' claims against Appellee, Community State Bank of Orbisonia ("Community State Bank"), and denial of Appellants' motion for leave to file a Fifth Amended Adversary Complaint. Seeing no error, we will affirm.

**I.**

This case arises out of BG Petroleum's long-running bankruptcy. As relevant to this appeal, Appellants filed a Fourth Amended Adversary Complaint in May 2021 against Community State Bank, bringing various claims under the Bankruptcy Code, federal law, and Pennsylvania law that stemmed from Community State Bank's refinancing of certain real property.[2]

_____

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Timco, Ltd. is a creditor of the Estate who joined the adversary action as a plaintiff alongside BG Petroleum.

[2] Specifically, Appellants alleged that in 2019 and 2020, Community State Bank helped other defendants named in the adversary proceeding refinance the loans, mortgages, and encumbrances at two properties—720 Lincoln Highway in McConnellsburg, Pennsylvania and 201 North Jefferson Street in Mount Union, Pennsylvania. As part of the refinancing transactions, the other defendants received cash at closing, and Community State Bank was granted liens in the properties, which "drain[ed] the . . . properties of their value so as to make them unappealable for the purposes of judgment execution." App. 77.

Named as a defendant for the first time in the Fourth Amended Adversary Complaint, Community State Bank moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), as incorporated into Federal Rule of Bankruptcy Procedure 7012. Community State Bank argued that Appellants had failed to state any claims against it, and the Bankruptcy Court agreed, granting the motion to dismiss. However, the Bankruptcy Court stayed its order for 45 days to allow Appellants to seek leave to amend.

Appellants moved for leave to file a Fifth Amended Adversary Complaint against Community State Bank. The Bankruptcy Court then ordered Appellants to file a brief in support of their motion to address whether the proposed Fifth Amended Adversary Complaint was futile because "it is merely the same cause(s) of action that was/were dismissed by the Court's prior order of dismissal." App. 659. The Bankruptcy Court cautioned Appellants that "[f]ailure to timely file a brief as directed shall be deemed or construed as an admission that the amendment sought is futile, and that the motion for leave to amend should be denied without further notice and/or hearing." App. 659. Instead of filing the requested brief, Appellants filed a "Line on Their Motion" advising the Bankruptcy Court that they "choose not to file a brief on the issue of futility." App. 660. Appellants noted that they were not "conceding any issue arising out of their motion for leave to file a fifth amended [adversary] complaint" by filing the "Line on Their Motion," App. 660, but they recognized that the Court would "now enter an order denying the[] motion," App. 660. The Bankruptcy Court did just that, denying the motion for leave to amend and dismissing the Fourth Amended Adversary Complaint against Community State Bank with prejudice. Appellants then appealed to the District Court.

3

The District Court affirmed the Bankruptcy Court. The District Court first explained that Appellants had waived any arguments in support of the motion for leave to amend by failing to file the brief as ordered by the Bankruptcy Court. Alternatively, the District Court held that further amendment would be futile because Appellants had failed to state a claim upon which relief could be granted, and so affirmed the Bankruptcy Court's dismissal of the Fourth Amended Adversary Complaint with prejudice. This appeal followed.[3]

## II.

### A.

The District Court did not abuse its discretion in denying the motion for leave to amend. The "Line on Their Motion" did not set forth any arguments about futility with the level of specificity required to preserve the issue. An argument is waived when "a party fails to adequately raise it with a minimum level of thoroughness in the lower court." *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 372 (3d Cir. 2022) (internal quotation

---

[3] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 1334(a) and 28 U.S.C. §§ 157(a) and (b). The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291.

When reviewing a bankruptcy decision, "we stand in the shoes of the District Court and apply the same standard of review." *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 370 (3d Cir. 2022) (internal quotation marks and citation omitted). We thus review the bankruptcy court's legal determinations de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion. *Id.* We review a denial of a motion for leave to amend for abuse of discretion. *See U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

"We may affirm the judgment of the District Court for any reason supported by the record." *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 127 n.12 (3d Cir. 2016).

marks and citation omitted). That is the case here. Appellants merely noted in their "Line on Their Motion" (which they filed in lieu of the requested brief) that they were not "conceding any issues arising out of their motion for leave to file a fifth amended [adversary] complaint." App. 660. But this "vague allusion" to the issue of futility is not specific enough to preserve the issue for appeal. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009). Such is the peril of defying an order to brief, not note, the grounds for amendment.[4]

B.

Nor is there error in the Bankruptcy Court's dismissal of the Fourth Amended Adversary Complaint, and the District Court did not abuse its discretion in affirming the Bankruptcy Court's dismissal. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, the complaint must contain factual allegations that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"—not merely suggest the *possibility* of liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Federal Rule of Civil Procedure 9(b), made applicable by Federal

---

[4] Even if this argument were not waived, there was still no error. We have recognized that amendment is futile when the amended complaint would not survive a renewed motion to dismiss. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). The District Court determined that the Fifth Amended Adversary Complaint raised the same non-meritorious claims that were previously dismissed, and we agree.

5

Rule of Bankruptcy Procedure 7009, a party pleading fraud must "state with particularity the circumstances constituting fraud or mistake." These requirements are to be interpreted liberally when a trustee asserts a fraud claim, *see In re Cred Inc.*, 650 B.R. 803, 834 (Bankr. D. Del. 2023), but a trustee raising a fraudulent transfer claim still must allege that the transfer was made with the actual intent to defraud creditors, *see id.*

Appellants failed to state claims under both federal and state law that would survive dismissal. First, Appellants failed to state a claim under 11 U.S.C. § 549.[5] That statute authorizes a trustee to void transfers that are "not authorized under this title or by the court." 11 U.S.C. § 549(a)(2)(B). The Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case," *id.* § 541(a)(1), or any such interest that the estate acquires after the commencement of the case, *id.* § 541(a)(7). Appellants did not have the requisite interest in the specified properties at the commencement of the case because the Estate did not obtain any rights to the properties until September 2021. And even though those rights were later acquired by the Estate, Appellants alleged no facts from which a court could reasonably infer that the alleged transfer was not authorized. Appellants thus cannot state

---

[5] As the Bankruptcy Court pointed out, there is some confusion as to whether Appellants intended to bring their fraudulent transfer claim under 11 U.S.C. § 549. The section of the Bankruptcy Code that concerns fraudulent transfers is 11 U.S.C. § 548, not § 549. In any event, Appellants' fraudulent transfer claim would fail under either statute because there are no factual allegations from which a court could infer that the transfers were unauthorized by the Bankruptcy Code or the Bankruptcy Court.

a claim against Community State Bank under 11 U.S.C. § 549, and the claim they asserted was properly dismissed.[6]

Appellants also failed to state a claim for fraudulent transfer under Pennsylvania's Uniform Voidable Transactions Act ("PUVTA"), 12 Pa. Cons. Stat. § 5101 *et seq.* PUVTA provides that a transfer made by a debtor is voidable if the debtor made the transfer "with actual intent to hinder, delay or defraud any creditor of the debtor." *Id.* § 5104(a)(1). If a transfer is voidable under PUVTA, judgment may be entered against "the first transferee," "the person for whose benefit the transfer was made," or "an immediate or mediate transferee of the first transferee." *Id.* § 5108(b)(1). As the Bankruptcy Court and District Court identified, however, Community State Bank was the transferor in the transactions singled out as fraudulent. Because PUVTA only allows creditors to recover from transferees, Appellants have not alleged a PUVTA claim against Community State Bank that meets the required standards for a well-pleaded complaint. The claim was rightly dismissed.

*     *     *

For these reasons, we will affirm.

---

[6] Moreover, Appellants' argument that the ground lease—an agreement between BG Petroleum, LLC, and certain landlord companies—is "property of the estate" was not properly raised before the Bankruptcy Court, and thus was waived. *See In re Imerys Talc Am., Inc.*, 38 F.4th at 372.